IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEVIN L. SCHREIBER,                    §
          Plaintiff,              §
                                  §
v.                                     §          CIVIL ACTION NO. 3:06-CV-1170-O
                                  §
CITY OF GARLAND, TEXAS,                §
          Defendant.              §

## MEMORANDUM OPINION AND ORDER

Before the Court are:

    1.    *Defendant's Motion for Summary Judgment* (Doc. # 34) filed December 3, 2007;[1]

    2.    *Defendant's Brief/Memorandum in Support* (Doc. # 35) filed December 3, 2007;[2]

    3.    *Defendant's Appendix in Support* (Doc. # 36) filed December 3, 2007;[3]

    4.    *Plaintiff's Response to Defendant's Motion for Summary Judgment* (Doc. # 39) filed December 21, 2007;[4]

    5.    *Plaintiff's Appendix in Support* (Doc. # 40) filed December 21, 2007;[5]

    6.    *Plaintiff's Brief/Memorandum in Support* (Doc. # 41) filed December 24, 2007;[6]

---

[1] References to this pleading will be abbreviated "Def's Mot. at" followed by a page number.

[2] References to this pleading will be abbreviated "Def's Bf. at" followed by a page number.

[3] References to this pleading will be abbreviated "Def's App. at" followed by a page number.

[4] References to this pleading will be abbreviated "Pl's Rsp. at" followed by a page number.

[5] References to this pleading will be abbreviated "Pl's App. at" followed by a page number.

[6] References to this pleading will be abbreviated "Pl's Bf. at" followed by a page number.

7.      *Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment* (Doc. # 48) filed January 18, 2008;[7]

8.      *Plaintiff's Sur-Reply in Opposition to Defendant's Motion for Summary Judgment* (Doc. # 73) filed March 27, 2008.[8]

Having reviewed the relevant filings, the evidence, and the law applicable to the issues raised, the Court finds that Defendant's Motion for Summary Judgment should be and is hereby **GRANTED**.

I.      Background

Kevin Schreiber ("Plaintiff") brings this suit against the City of Garland pursuant to 42 U.S.C. § 1983, alleging that the City violated his rights under the Fourteenth Amendment by wrongfully terminating his employment. *See* Am. Compl. Plaintiff contends he had a property right in continued employment, and that termination of his employment was arbitrary and capricious. *Id.*; *see generally* Pl's Bf. Plaintiff also alleges he did not have meaningful notice or opportunity to be heard before his employment was terminated. Am. Compl. Plaintiff further alleges he is entitled to relief under 42 U.S.C. § 1983 because his employment was terminated in retaliation for his filing a grievance with City of Garland Human Resources regarding a perceived violation of his Fifth Amendment rights. Am. Compl.

The undisputed facts show that Plaintiff began working for the City of Garland as a maintenance worker at a waste water treatment plant in 1984. Pl's App. at 6; Def's App. at 47. Plaintiff's duties included working at the treatment plant, as well as collecting samples off-site. Def's App. at 16. On November 16, 2005, Plaintiff's work responsibilities included collecting a

---

[7]  References to this pleading will be abbreviated "Def's Reply at" followed by a page number.

[8]  References to this pleading will be abbreviated "Pl's Sur-Reply at" followed by a page number.

specific sample by midnight. Pl's App. at 158-60, 195, 203; Def's App. at 16. Plaintiff claims

that he collected and labeled this sample at 11:45 p.m. Pl's App. at 197, 199, 202. However,

Andrew Ritchie, a City of Garland plant supervisor, claims that Plaintiff could not have collected

the sample at 11:45 p.m. because the sample was off-site and no vehicles left the plant before

midnight. Pl's App. at 47, 195. Mr. Ritchie informed Mr. Griffin, Plaintiff's direct supervisor,

and Mr. Williams, the City's Director of Waste Water, of his observations. Pl's App. at 110,

140, 195. Mr. Griffin recommended to Mr. Williams that Plaintiff's employment be terminated.

Pl's App. at 112, 115, 143, 197. Mr. Williams terminated Plaintiff's employment with the City

of Garland, effective November 23, 2005. Pl's App. at 34, 47, 142; Def's App. at 79.

Prior to November 23, 2005, Plaintiff was given a Written Reprimand and a Notice of

Intent to Terminate stating that Plaintiff's supervisors were recommending termination of his

employment. Pl's App. at 46, 70-71; 72-73, 198; Def's App. at 3, 17-18, 32-33, 36-37. These

documents state that the recommendation was being made for reasons including Plaintiff's

violation of city/department policies and falsification of an official document or record. *Id.*

Plaintiff contested the termination of his employment through the City's internal appeals

procedures and with the Texas Workforce Commission, but City Manager William Dollar

ultimately sustained the employment decision. Pl's App. at 48-49, 84, 151, 169, 192-204; Def's

App. at 11, 18-21; 27-30. Plaintiff filed this suit on June 30, 2006, bringing claims for recovery

under § 1983 based on alleged violations of his procedural and substantive due process rights.

Am. Compl.

In addition, Plaintiff alleges he is entitled to relief because his employment was

terminated in retaliation for his filing a grievance with City of Garland Human Resources

regarding a perceived violation of his Fifth Amendment rights. Compl.; Pl's App. at 202. The undisputed evidence shows that in early October 2005, Mr. Ritchey asked Plaintiff to deliver an ice machine to be recycled or salvaged. Pl's App. at 42, 135. Plaintiff appears to have picked up the ice machine, but it was never received by salvage, resulting in an investigation. Pl's App. at 40-43, 135. On October 3, 2005, Brian Williams directed or ordered Plaintiff to talk to or meet with a police investigator regarding a missing ice machine. Pl's App. at 43, 60-61, 113, 136, 153. On October 5, 2005, Plaintiff filed a grievance with the City alleging that Williams' gave Plaintiff an order to speak with a detective, and that this violated his Fifth Amendment rights. Pl's App. at 43, 60-61, 113, 152-53.

The City of Garland ("Defendant") moves for summary judgment on Plaintiff's due process claims, arguing that no genuine issue of fact exists regarding whether Plaintiff had a protected property interest in continued employment with the City. Def's Mot. at 1. Alternatively, Defendant argues that Plaintiff received all process due under the Fourteenth Amendment and that the decision to terminate his employment was neither arbitrary nor capricious. *Id.* Defendant also argues that Plaintiff cannot maintain this action because the claimed denial of a constitutional right was not pursuant to an unconstitutional official policy of the City of Garland, as is required for liability under 42 U.S.C. § 1983. *Id.* at 1-2. Defendant also addresses Plaintiff's reprisal claim in a footnote in its Brief in Support of its Motion for Summary Judgment, stating that there is no genuine issue of fact with respect to this claim. Def's Bf. at 10, n. 12. The issues have been briefed by the parties and this matter is ripe for determination.

<u>II.</u>    <u>Standard of Review</u>

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Id.*  The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 323-24.  To carry this burden, the "opponent must do more than simply show. . . some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor.  *Anderson*, 477 U.S. at 249.  Neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).  The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim.  *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  Summary judgment in favor of the Defendant is

proper if, after adequate time for discovery, the Plaintiff fails to establish the existence of an element essential to her case and to which she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

When weighing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

III.    Analysis

Plaintiff alleges that he was wrongfully terminated, in violation of 42 U.S.C. § 1983. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States. *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). Plaintiff brings claims for recovery under § 1983 based on alleged violations of his procedural and substantive due process rights and because his employment was allegedly terminated in retaliation for filing a grievance with the City of Garland. Am. Compl. Defendant moves for summary judgment on all of Plaintiff's claims. *See* Def's Mot. and Def's Bf. The Court will first address whether Defendant is entitled to summary judgment on Plaintiff's due process claims under 42 U.S.C. § 1983, and will then turn to whether summary judgment is appropriate with respect to Plaintiff's retaliation claim (titled "reprisal" in Plaintiff's Amended Complaint).

**A. Plaintiff's Procedural and Substantive Due Process Claims**

To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.,* 180 F.3d 234, 241 (5th Cir. 1999). Thus, a threshold inquiry in a § 1983 cause of action is whether plaintiff has alleged a violation of a constitutional right or of federal law. *Neal v. Brim,* 506 F.2d 6, 9 (5th Cir. 1975).

Plaintiff alleges that the City violated his procedural and substantive due process rights under the Fourteenth Amendment by wrongfully terminating his employment. Am. Compl; Pl's Rsp. at 7-14. A procedural due process claim in the public employment context requires the plaintiff to show (1) he had a protected property or liberty interest in his employment and (2) he was not afforded meaningful notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *see also Fowler v. Smith*, 68 F.3d 124, 127 (5th Cir. 1995) (stating that procedural due process entitles a public employee with a property right in his employment to notice of the charges against the employee, an explanation of the employer's evidence, and an opportunity to present his side of the story). A substantive due process claim in the public employment context requires the plaintiff to show (1) that he had a property interest/right in his employment, and (2) that the public employer's termination of that interest was arbitrary or capricious. *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993). Thus, as a threshold matter, to be successful on his procedural and substantive due process claims under § 1983, Plaintiff must show that he had a property interest/right in continued employment with the City of Garland. *See Id.*

Defendant states that summary judgment is appropriate because there is no genuine issue of fact that Plaintiff did not have a property right in continued employment with the City of Garland. Def's Bf. at 9-10. Defendant argues that the evidence shows Plaintiff's employment was "at will," such that Plaintiff's employment could have be terminated for any or no reason at all at any time. *Id.* Plaintiff responds that the City of Garland Directives and interpretations thereof create a genuine issue of fact that Plaintiff could only be fired "for cause," giving rise to a property right. Pl's Bf. at 4-7.

A property interest is not incidental to public employment and must be located in an independent source. *Bolton*, 472 F.3d at 264. The sufficiency of a claim to a property interest in employment, whether created by statute, contract, or implied contract, must be decided by reference to state law. *Henderson v. Sotelo*, 761 F.2d 1093, 1096 (5th Cir. 1985).

Texas law provides that employment is "at will," and that employment may be terminated by the employer or the employee for good cause, bad cause, or no cause at all. *County of Dallas v. Wiland*, 216 S.W.3d 344, 347 (Tex. 2007). However, "at will" employment may be modified. *Id.* at 348. The "at will" relationship may be altered by contract or by express rules or policies limiting the conditions under which an employee may be terminated. *Muncy v. City of Dallas, Tex.*, 355 F.3d 394, 398 (5th Cir. 2003). A formal contract between an employer and employee is not required. *Perry v. Sindermann*, 408 U.S. 593, 599-600 (1972). City ordinances, personnel policies as stated in personnel manuals and handbooks, and other rules and understandings have been held to provide a protected property right in public employment in some cases. *See Id.; Conley v. Bd. of Trs. of Grenada Coll.*, 707 F.2d 175, 180-81 (5th Cir. 1985); *Schaper v. City of Huntsville, et al.*, 813 F.2d 709 (5th Cir. 1987); *Bolton*, 472 F.3d at

264-65.  However, a limitation to "at will" employment cannot simply be inferred.  *Wiland*, 216 S.W.3d at 354.

While personnel policies as stated in manuals and handbooks can create a property right in employment, generally, standing alone, these policies "constitute no more than general guidelines" absent express reciprocal agreements addressing discharge protocol.  *Spuler v. Pickar*, 958 F.2d 103, 106 (5th Cir. 1992); *Brown v. City of Galveston, Tex.*, 870 F.Supp. 155, 159-60 (S.D. Tex. 1994).  However, handbooks and manuals do create a legitimate entitlement to continued employment where such policies may be read to create dismissal "only for cause." *Henderson*, 761 F.2d at 1098;  *Wiland*, 216 S.W.3d at 354 (holding that, on balance, provisions of manual taken as a whole provided that covered employees could not be discharged without being given a reason they could contest, giving rise to a protected property interest in employment); *Matagorda County Hosp. Dist. v. Burwell*, 189 S.W.3d 738, 739-40 (Tex. 2006) (holding that manual stating that employee *may* be dismissed for cause did not modify "at will" employment by requiring that dismissal be *only* for cause) (emphasis added).  Courts have specifically recognized that such employee manuals, containing specific disciplinary procedures and an employer obligation to discharge only for cause, can place obligations on the employer to follow its promises with respect to discharge and discipline, particularly where it can be shown the employer agreed to or recognized the obligation to discharge only for cause.  *See Aiello v. United Air Lines*, 818 F.2d 1196, 1198-99 (5th Cir. 1987).

On the other hand, merely because a municipal personnel policy states that certain conduct may result in discharge does not necessarily mean the city has forfeited the right it would otherwise have to discharge without cause.  *Henderson*, 761 F.2d at 1098; *Matagorda*

*County Hosp. Dist.*, 189 S.W.3d at 739-40. Similarly, just because an ordinance or policy guarantees certain procedures regarding discharge does not mean that there is necessarily a constitutionally protected property right in employment. *Henderson*, 761 F.2d at 1097. A city or state may require procedures for reasons other than protection against deprivation of substantive rights, and in deciding to establish procedures, a city or state does not create an independent substantive right. *Id.* To alter "at will" employment, a general employment policy must be specific and explicit. *Muncy*, 335 F.3d at 401.

In this case, Defendant has brought forth evidence suggesting that Plaintiff cannot meet his burden of showing he had a protected property right to continued employment with the City of Garland. *See* Def's App. at 7, 50 (where Plaintiff indicates that he is not basing his claims on any contract between the City and himself). In response, Plaintiff asserts that the City of Garland Directives and interpretations thereof create a genuine issue of fact that Plaintiff could only be fired for cause, giving rise to a property right. Pl's Bf. at 4-7. Plaintiff has produced evidence in support of this assertion, including the text of certain City of Garland Directives, Plaintiff's own interrogatory responses, and deposition transcripts of City supervisors and administrators. Pl's App. at 23-37 (City of Garland Personnel Policy consisting of City Directives); Pl's App. at 3-17, 38-57 (Plaintiff's interrogatory answers); Pl's App. 102-191 (Deposition transcripts with exhibits).

### 1. City of Garland Directives

Plaintiff relies on certain City of Garland Directives as evidence that his employment could be terminated only for cause, and thus demonstrating that he had a property right in continued employment with the City of Garland. Pl's App. at 23-37 (City of Garland Personnel

Policy consisting of City Directives). However, when viewing the Directives presented by Plaintiff as a whole, the Court finds that this evidence fails to raise an issue as to whether Plaintiff could be terminated only for cause. While Directive 5 does contain a list of causes for which termination should be recommended or evaluated, this nonexclusive list does not indicate that employees could be terminated only for cause. *See* Pl's App. at 30-31, 36-A (Directive 5, stating that certain offenses require an employee be recommended (October 1995 version) or evaluated (April 1997 version) for immediate termination, including, but not limited to, previous receipt of a written reprimand, violation of the Texas Penal Code, etc.); *see also Henderson*, 761 F.2d at 1098; *Matagorda County Hosp. Dist.*, 189 S.W.3d at 739-40. Directive 5 also requires employees be provided with the reasons termination has been recommended/evaluated and that the employee have an opportunity to provide an explanation why he or she should not be terminated. *See* Pl's App. at 29. However, this does not indicate that cause is required for dismissal, as a city or state may require procedures for reasons other than protection against deprivation of substantive rights. *See Henderson*, 761 F.2d at 1097. In addition, Directive 2 suggests Plaintiff's employment was "at will," as it states that "(r)egular appointments are of indefinite duration and employment may be terminated by either the employee or the City at any time." Pl's App. at 36.

Plaintiff argues that this case is like *County of Dallas v. Wiland*, where the Texas Supreme Court held that deputy constables in the Dallas County civil service system had a property right in continued employment. *Wiland*, 216 S.W.3d at 347-354. The deputies in *Wiland* argued that provisions of the Dallas County Administrative Policies and Procedures Manual ("Manual"), when read together, provided that they could only be fired for cause. *Id.* at

352-53. The Manual contained provision 4.21, which included a nonexclusive list of causes for which an employee could be immediately terminated. *Id.* The Manual also contained provisions requiring that an employee be given notice of the cause(s) of termination and that the supervisor seeking termination advise his or her superior of the cause(s) and intent to dismiss the employee. *Id.* at 352. In addition, the Manual provided that an employee had the right to file a grievance to contest unjust termination, and that an employee could be reinstated and given back pay if such a grievance was upheld. *Id.* at 353. The deputies also noted that, apart from the Manual provisions, civil service employees are allowed by statute to appeal commission decisions to the district court under the substantial evidence rule. *Id.*

The County of Dallas argued in *Wiland* that provision 4.21 only provided causes for which an employee could be dismissed without prior notice, and does not indicate that cause was required for every dismissal. *Id.* at 352. The County also argued that the statutory right to appeal does not apply to all civil service systems, and only provides a right for employees under a civil service system that gives employees some right to continued employment. *Id.*

The Texas Supreme Court, noting that it was a "close question," found that, on balance, the provisions of the Dallas County Administrative Policies and Procedures Manual, taken as a whole, provided that covered employees could not be discharged without being given a reason they could contest, giving rise to a protected property interest in employment. *Id.* at 354. The Court noted that the County's civil service system clearly provided covered employees with important procedures for deciding grievances, though noting that procedures alone could not alter "at will" status. *Id.*

While the Manual at issue in *Wiland* contains some provisions with similarity to the

Garland Directives, the Court finds that the Manual and civil service context in *Wiland* provide stronger evidence of modification of "at will" employment than presented here. The City of Garland Directives, absent additional evidence, fall short of modifying "at will" employment. The Directives plainly state that employment could be terminated by either the employee or the City at any time. In addition, merely because the Directives state that certain conduct may result in immediate discharge does not mean discharge could have only been made for cause. *See Henderson*, 761 F.2d at 1098; *Matagorda County Hosp. Dist.*, 189 S.W.3d at 739-40. Similarly, just because the Directives state that an employee should be given the reasons for termination and be allowed to provide an explanation for why he or she should not be terminated does not mean that there is a constitutionally protected property right in employment with the City. *See Henderson*, 761 F.2d at 1097. The Court notes that limitations on "at will" employment cannot simply be inferred, and must be specific and explicit. *Muncy*, 335 F.3d at 401.

While the *Wiland* court found the Manual and surrounding context in that case provided a limitation to "at will" employment, this Court declines to find such a limitation based on the text of the City of Garland Directives. The Directives presented by Plaintiff fail to raise a genuine issue of material fact as to whether Plaintiff could be terminated only for cause.

### 2. Interpretations of Directives

While the City of Garland Directives do not, on their face, create a property right in continued employment, Defendant's interpretation of the Directives or other behaviors creating an understanding that dismissal would be "only for cause" could give rise to a property right. *See Aiello*, 818 F.2d at 1198-99. Plaintiff, however, has not produced any competent summary judgment evidence raising a genuine issue of material fact that interpretations of Directives by

City supervisors and administrators modified his "at will" employment.

Plaintiff has presented interrogatory answers in which he states that he was told repeatedly by supervisors and co-workers that he could only be terminated for cause. *See* Pl's App. at 6-12. However, Plaintiff's conclusory allegations are insufficient to show an issue of fact. Plaintiff has failed to support his allegations with any evidence creating a genuine issue of material fact. *See Anderson*, 477 U.S. at 249 (noting that Plaintiff could not rest on his allegation of conspiracy to get to a jury without any significant probative evidence tending to support the complaint)

Plaintiff has also presented deposition testimony from City of Garland supervisors and administrators on the topic of whether employment with the City was "at will." However, this evidence tends to suggest that City supervisors' and administrators' interpretations of City Directives were consistent with "at will" employment. *See* Pl's App. at 142 (Deposition of Williams, stating that his boss would not have to have a reason to fire him if he wanted to); Pl's App. at 163-65 (Deposition of Dollar, stating that it is his understanding that city employees are "at will," and that Directives are guidelines); Pl's App. at 176 (Deposition of Wilson, stating that the Directives and information the Human Resources Department communicates to employees when they are hired indicates to the new-hires that they are employed "at will" and that they may be terminated at any time). While Plaintiff has presented supervisor Jim Griffin's testimony that Mr. Griffin thought his own supervisor, Brian Williams, would need some kind of reason to fire Mr. Griffin, this testimony falls short of creating a genuine issue of fact as to whether the City supervisors' and administrators' interpretations of Directives modified Plaintiff's "at will" employment. *See* Pl's App. at 107.

When viewing the record in the light most favorable to Plaintiff, the Court finds that there is insufficient evidence to raise a genuine issue of material fact as to whether Plaintiff had a property interest in his employment with the City of Garland. A § 1983 claim requires a violation of a constitutional right, and Plaintiff's failure to create an issue as to whether he had a protected property right to continued employment is dispositive of Plaintiff's due process claims. The Court does not need to reach the alternative grounds on which Defendant moves for summary judgment with respect to Plaintiff's substantive and procedural due process claims. Accordingly, Defendant's motion for summary judgment with respect to these claims should be **GRANTED**.

### B. Plaintiff's Reprisal Claim

As an initial matter, the Court must determine whether the issue of summary judgment with respect to Plaintiff's "reprisal" claim under 42 U.S.C. § 1983 is before the Court. Defendant's motion for summary judgment does not address Plaintiff's "reprisal" claim at length. *See generally* Def's Mot. However, Defendant argues in Footnote 12 of its Brief in Support that its motion for summary judgment disposes of Plaintiff's "reprisal" claim. Def's Bf. at 10, n. 12. Defendant argues that the "reprisal" claim arises under the Fourteenth Amendment, and thus this claim is addressed and disposed of with Defendant's discussion of Plaintiff's procedural and substantive due process claims. *Id.*

Plaintiff's Response and Brief in Support do not specifically mention "reprisal," but instead address whether Plaintiff has been denied equal protection. *See* Pl's Bf. at 19-20. Defendant replied that Plaintiff has not pled a claim for denial of equal protection, but that

Plaintiff apparently argues that the claim for "reprisal" is such a claim.[9] Def's Reply at 5-6.

Defendant then argues that there is no genuine issue of fact that Plaintiff's equal protection rights were not violated. *Id.* In its sur-reply, Plaintiff does not mention any "reprisal" claim, but does state that Plaintiff withdraws his equal protection claim as a free standing claim and otherwise does not oppose dismissal of this claim. Pl's Sur-Reply at 6.

The Court finds that the issue of summary judgment with respect to Plaintiff's reprisal claim is before the court. Defendant clearly argued, albeit in a footnote, that its motion disposes of Plaintiff's reprisal claim, and Plaintiff has had an adequate opportunity to respond. *See* Minute Entry (Doc. # 74) granting Plaintiff leave to file sur-reply. The Court notes that Plaintiff produced over 200 pages of evidence in response to Defendant's motion, including evidence on the issue of reprisal. Thus, the Court will proceed to address whether summary judgment is proper on Plaintiff's reprisal claim.

Plaintiff seeks to recover for his "reprisal" claim under 42 U.S.C. § 1983. As previously noted, rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates. *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997). Thus, a threshold inquiry is whether plaintiff's reprisal claim alleges a violation of a constitutional right or of federal law. *See Neal,* 506 F.2d at 9.

Here, Plaintiff claims he is entitled to relief for reprisal because he was fired for filing a grievance concerning a perceived violation of his Fifth Amendment rights.[10] Am. Compl.

---

[9] Plaintiff's original complaint contains a claim entitled "reprisal and denial of equal protection." Plaintiff's amended complaint contains a claim entitled "reprisal," but does not include a claim regarding equal protection.

[10] The Court notes that Plaintiff does not claim that he was retaliated against for exercise of his Fifth Amendment rights. The evidence shows that Plaintiff did not exercise his right to

Courts have held that, in certain situations, an adverse employment action in retaliation for filing a complaint or a grievance constitutes a violation of free speech rights under the First Amendment. *See Wilson v. UT Health Ctr.*, 973 F.2d 1263, 1269-70 (5th Cir. 1992); *Thompson v. City of Starkville, Miss*, 901 F.2d 456, 460-467 (5th Cir. 1990). Under the Fifth Circuit's analysis, to establish a First Amendment retaliatory discharge claim, Plaintiff must show:

> (1) the employee was subject to an adverse employment action;
> (2) the employee was speaking as a citizen on a matter of public concern;
> (3) the employee's interest in commenting on the matter of public concern outweighed the employer's interest in promoting efficiency; and
> (4) the employee's speech was a substantial or motivating factor behind the employer's action. *Nixon v. City of Houston,* 511 F.3d 494, 497 (5th Cir. 2007); *Markos v. City of Atlanta, Tex.*, 364 F.3d 567, 570 (5th Cir. 2004).

If Plaintiff makes this showing, the burden shifts to defendant to show that the same employment action would have been taken in the absence of the protected conduct. *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004).

The Court's first task in a First Amendment retaliatory discharge case is to determine whether a genuine issue of fact exists as to whether, in filing his grievance, Plaintiff spoke as a citizen or as part of his public job. *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006); *Davis v. McKinney*, 518 F.3d 304, 312 (5th Cir. 2008). Where an employee's speech is made pursuant to the employee's official duties, the employee is not speaking as citizens for First Amendment

---

remain silent and complied with any direction or order from his Director to speak with or meet with a police investigator. *See* Pl's App. at 43 (where Plaintiff states in an interrogatory answer that he provided all information he had to the investigator). In addition, there is no evidence before the court that Plaintiff's answers were used in connection with a criminal case. Thus, the Fifth Amendment cannot be the underlying basis of Plaintiff's § 1983 claim. *See Chavez v. Martinez*, 538 U.S. 760, 766 (2003) (noting that police questioning does not constitute a criminal case under the Fifth Amendment, and that a "criminal case" at the very least requires the initiation of legal proceedings).

purposes and the Constitution does not insulate the communications from employer discipline. *Charles v. Grief*, No. 07-50537, 2008 WL 788618, at *3 (5th Cir. Mar. 26, 2008). In determining whether speech was part of an employee's official duties, a formal job description is not dispositive, nor is speaking on the subject matter of one's employment. *Nixon*, 511 F.3d at 498. The Supreme Court indicated in *Garcetti* that, while the First Amendment protects some expressions related to the speaker's job, speech required by one's position as an employee is not protected. *See Garcetti*, 547 U.S. at 421-422. The Fifth Circuit has concluded that activities undertaken in the course of performing one's job are activities pursuant to official duties. *Nixon*, 511 F.3d at 498.

The Court finds that there is no genuine issue of material fact that Plaintiff's grievance was not filed pursuant to his official job duties. Plaintiff's duties included working at a waste water treatment plant, as well collecting samples off-site. Def's App. at 16. Plaintiff's grievance, on the other hand, concerned his perception that a City of Garland supervisor violated his Fifth Amendment rights by ordering him to talk with a police investigator regarding missing City property. Pl's App. at 43, 60-61, 113, 152-53. While the grievance includes some facts related to Plaintiff's job, the grievance was not undertaken in the course of performing his official job duties. *See Charles*, 2008 WL 788618, at *3 (noting that to hold that an employee's speech is not protected merely because it concerns facts that he or she happened to learn while at work would severely undercut First Amendment rights).

The Fifth Circuit has recently indicated that where a public employee raises complaints or concerns up the chain of command at the workplace about job duties, that speech is undertaken in the course of performing the job. *Davis v. McKinney*, 518 F.3d 304, 313 (5th Cir.

18

2008). In *Williams v. Dallas Indep. Sch. Dist.*, the Fifth Circuit found that a plaintiff's memorandum to a school principal expressing concern regarding the handling of school athletic funds was speech made in the course of performing his employment. 480 F.3d 689, 694 (5th Cir. 2007). The Court noted that the plaintiff was responsible for buying sports equipment and for arranging and paying tournament fees, and in order to perform these functions, plaintiff needed to consult with his supervisor. *Id.* at 694.

Unlike in *Williams*, Plaintiff's grievance in this action did not sufficiently concern his job duties to be considered pursuant to his official duties, even though his grievance was filed through the City's internal procedures, arguably up the chain of command. The evidence shows that Plaintiff did not need to file his grievance to perform his job. Accordingly, the Court concludes that Plaintiff spoke as a citizen when he filed his grievance regarding the perceived violation of his Fifth Amendment rights.

Next, the Court must determine whether there is a genuine issue of fact regarding whether Plaintiff's speech involved a matter of public concern. *See Connick v. Myers*, 461 U.S. 138, 147-48 (1983); *See Charles*, 2008 WL 788618, at *5 (stating that if a court determines that an employee is not speaking in his or her role as an employee, but rather as a citizen, the court must then assess whether the employee's speech addresses a matter of public concern). "Whether the speech at issue relates to a matter of public concern is a question of law to be resolved by the court." *Markos*, 364 F.3d at 570 (quoting *Thomkins v. Vickers*, 26 F.3d 603, 606 (5th Cir. 1994). Matters of public concern are those which can be fairly considered as relating to any matter of political, social, or other concern to the community. *Alexander*, 392 F.3d at 142. Whether an employee's speech addresses a matter of public concern must be determined by the

content, form, and context of a given statement.  *Charles*, 2008 WL 788618, at *5.

Courts have found that where the content of an employee's speech pertains to internal disputes and working conditions, speech will not ordinarily involve matters of public concern. *Alexander,* 392 F.3d at 142.  The Court does not presume that all matters which transpire within a government office are of public concern, and the First Amendment does not require a public office to be run as a roundtable for employee complaints over internal office affairs.  *Commc'n Workers of Am. v. Ector County Hosp. Dist.*, 467 F.3d 427, 438 (5th Cir. 2006).  However, the existence of an element of personal interest on the part of an employee in the speech does not prevent finding that the speech as a whole raises issues of public concern.  *Modica v. Taylor*, 465 F.3d 174, 180 (5th Cir. 2006).  It is well-established that speech relating to official misconduct or racial discrimination almost always involves matters of public concern.  *See Charles*, 2008 WL 788618, at * 5; *Markos*, 364 F.3d at 570-71 (where court found content of plaintiff's statements to a reporter regarding police misconduct was of mixed public and private character in situation where these statements also exonerated plaintiff's own reputation); *Teague v. City of Flower Mound, Tex.*, 179 F.3d 377, 383 (5th Cir. 1999) (speech concerning police misconduct is public in context); *Wilson*, 973 F.2d at 1269 (content of reports of sexual harassment perpetrated by members at the university health center's police force was of great public concern).

Here, the evidence shows that the content of Plaintiff's speech involves his complaint that his Fifth Amendment rights where violated when he was directed or ordered to talk to or meet with a police investigator regarding a missing ice machine.  Pl's App. at 60-61, 113, 136, 153. Viewing the evidence in the light most favorable to Plaintiff, the Court finds that the content of this speech is fairly characterized as mixed in character, with the private character

predominating.  *See Markos*, 364 F.3d at 570-571 (finding plaintiff's speech reveals that it was "mixed" in content).

Plaintiff's grievance concerns his own working conditions as well as his own rights as an accused, and therefore concerns a private matter.  *See* Pl's App. at 60-61.  On the other hand, the content of Plaintiff's grievance also contains an allegation that a City supervisor engaged in misconduct by ordering Plaintiff to forfeit a constitutional right.  *Id.*

While misconduct of public employees can rise to the level of public concern, the Court finds that Plaintiff's grievance does not involve allegations of official misconduct or abuse of the level that courts have generally found to be a matter of public concern, such as where there is an alleged misuse of public fund or corruption.  *See Modica v. Taylor*, 465 F.3d 174 (5th Cir. 2006) (where court found content of speech alleging, among other things, misuse of public funds and erroneous reporting of the number of inspections to the state legislature weighed in favor of First Amendment protection); *Charles*, 2008 WL 788618, at * 5 (finding a public concern where a plaintiff's e-mail focused on misconduct by Commission officials including misuse of public funds);  *Commc'n Workers of Am.*, 467 F.3d at 438 (court found content of buttons indicating union membership did not involve a matter of public concern, observing that the buttons did not imply defendant was guilty of any wrongdoing or breach of trust).  Here, there is no evidence that public funds were being misused, or that employees or persons other than Plaintiff were affected by Mr. Williams' conduct.  The Court finds that based on the evidence presented the content of Plaintiff's grievance is of mixed private and public character, but that Plaintiff's private interest in his own rights and working conditions predominates.  Accordingly, this factor weighs against finding Plaintiff's speech involved a matter of public concern.

In addition to the content, the Court must determine whether the form of Plaintiff's speech raises a fact issue as to whether Plaintiff's speech involved a matter of public concern. While not dispositive, speech directed to the public supports a finding that speech involves a public concern. *See Modica,* 465 F.3d 174, 181 (5th Cir. 2006); *Markos*, 364 F.3d at 571 (noting that publicization of speech is a factor to be weighed in determining whether the form of speech was a public concern, the court found comments to a newspaper reporter indicated comments were public in nature); *Alexander*, 392 F.3d at 142 (questions regarding promotion process were private in form, as they were not leaked to a reporter or sent to an elected state official).

Here, the evidence presented indicates that Plaintiff's speech took the form of a grievance filed through internal City of Garland procedures. *See* Pl's App. at 60-61, 113, 136, 153. The Court finds the form of Plaintiff's speech is fairly characterized as private. Plaintiff has not produced evidence raising an issue that this grievance was made in a form that publicized Plaintiff's speech or otherwise involved a public concern.

The Court must also consider whether the context of Plaintiff's grievance indicates that his speech was a matter of public concern. *Charles*, 2008 WL 788618, at * 5. In assessing the context of Plaintiff's speech, courts have considered whether the speech has been made against a "backdrop of widespread debate in the community" or relates to an issue larger than a plaintiff's own job. *See Modica,* 465 F.3d 174, 181 (finding that the context of speech favored protection where the majority of the speech concerned operation of the Texas Cosmetology Commission as a whole, and not to a job dispute); *Markos*, 364 F.3d at 572 (stating that where speech is made against a backdrop of widespread debate in the community, its context suggests it is of public concern); *Teague*, 179 F.3d at 383 (where court stated that grievance made in the setting of a

22

private employee-employer dispute suggested the speech was private in context, rather than public).

Here, the evidence presented indicates that Plaintiff's grievance was filed in the context of his perceived mistreatment by his supervisor during an investigation regarding Defendant's missing ice machine. *See* Pl's App. at 60-61, 113, 136, 153. The Court finds the context of Plaintiff's speech is fairly characterized as private. Plaintiff has not presented any evidence raising an issue that his complaints were made against a "backdrop of widespread debate in the community" or otherwise implicate a public concern. *See generally* Pl's App. Plaintiff's grievance addressed his own rights and no evidence has been presented that his speech was made in the context of a debate regarding a broader right of public employees to stand by a Fifth Amendment objection or within the scope of any other issue of interest to the public.

The Court finds that, based on the evidence presented, the content, form, and context indicate that Plaintiff's speech are fairly characterized as private. Accordingly, the Court finds that, when viewing the evidence presented in the light most favorable to Plaintiff, there is no genuine issue of material fact that Plaintiff's speech does not involve a matter of public concern. Plaintiff has failed to raise an issue as to whether his reprisal claim alleges a violation of a constitutional right or of federal law, as required for a claim pursuant to 42 U.S.C. § 1983. Accordingly, summary judgment on Plaintiff's reprisal claim is **GRANTED**.

IV.    Conclusion

To maintain a § 1983 claim, Plaintiff must show a violation of a constitutional right. When viewing the evidence in the light most favorable to Plaintiff, the Court finds that there is insufficient evidence to raise a genuine issue of material fact as to whether Plaintiff had a

property interest in his employment with the City of Garland.

Similarly, with respect to Plaintiff's reprisal claim, the court finds that the evidence fails to raise a genuine issue of material fact requiring trial.

Accordingly, Defendant's motion for summary judgment on all of Plaintiff's claims is **GRANTED**.

SO ORDERED on this 7th day of **May, 2008.**


_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**